UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEVIN A. ASHBY,

        Plaintiff,

v.

PARK NICOLLET HEALTH
SERVICES, and WPS HEALTH
INSURANCE,

        Defendants.

Civil No. 08cv04553 MJD/JJK

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is an African-American man who alleges that he is mentally disabled. He was injured in an automobile accident on September 25, 2007, and he received treatment for his injuries from Defendant Park Nicollet Health

Services, (hereafter "Park Nicollet").  The bills for Plaintiff's medical treatment were paid by Medicare.  However, Plaintiff alleges that his automobile insurance company subsequently paid Park Nicollet $382.00 for the same medical bills. (Complaint, p. 3, ¶s 11-14.)

Sometime later, Plaintiff received a letter from Defendant WPS Health Insurance, (hereafter "WPS"), who is identified as "Medicare's administrative agent."  (Id., ¶ 15.)  That letter purportedly informed Plaintiff that he was entitled to recover and retain the $382.00 that his automobile insurance company had paid to Park Nicollet.  (Id., pp. 3-4, ¶ 17.)  Plaintiff then asked Park Nicollet to send him the $382.00, but Park Nicollet refused to do so, claiming that the information Plaintiff purportedly had received from WPS was "inaccurate."  (Id., p. 4, ¶s 18-21.)  Plaintiff subsequently contacted a WPS agent (on several occasions), and asked her to help him recover the "refund" he was seeking from Park Nicollet.  The agent, however, has not provided any such assistance to Plaintiff, and Park Nicollet has steadfastly denied Plaintiff's repeated demands for the disputed $382.00 refund.  (Id., pp. 4-5, ¶s 22-31.)

Plaintiff is now attempting to sue both Park Nicollet and WPS for the $382.00 that his automobile insurance company allegedly paid to Park Nicollet. Plaintiff claims that Defendants have violated his rights under federal and state law, by discriminating against him based on his race and disability.  He is seeking

a judgment against Defendants for "compensatory and punitive damages," as well as attorney fees, and other relief.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).

In this case, Plaintiff claims that Defendant violated federal and state law by discriminating against him based on his race and disability. (Complaint, p. 4, ¶ 19.) However, Plaintiff has not alleged any facts to support any such claim. To the contrary, Plaintiff's pleading shows only that he has been involved in a commonplace dispute over an insurance payment. There are no factual allegations suggesting that Plaintiff's race or disability has played any role in that

dispute, or that Defendants have taken any position in that dispute based on Plaintiff's race or disability.

In sum, even with the benefit of liberal construction, Plaintiff's complaint does not describe any acts or omissions by either of the named Defendants that would entitle Plaintiff to relief under any federal or state civil rights statute, (or any other legal theory).  Therefore, Plaintiff's complaint fails to state a cause of action on which relief can be granted.  Because Plaintiff has not pleaded an actionable claim, the Court will recommend that his IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

Lastly, the Court notes that Plaintiff has already been warned about his propensity to file unsustainable lawsuits in this District, and about the possible need to restrict his right to file further actions.  (See Ashby v. SLM Corporation, Civil No. 08-870 (MJD/SRN); Report and Recommendation dated April 30, 2008, [Docket No. 4].)  The present case provides additional justification for restricting Plaintiff's right to litigate in this District.

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees,"

(Docket No. 2), be DENIED;

2.  This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 26, 2008

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 10, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.